DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599
Allan S. Brilliant
Shmuel Vasser
Jeffrey T. Mispagel

and

KLESTADT & WINTERS, LLP
570 Seventh Avenue, 17th Floor
New York, NY  10018
Telephone:  (212) 972-3000
Facsimile:  (212) 972-2245
Tracy L. Klestadt

*Proposed Counsel and Conflicts Counsel for the*
*Debtors and Debtors in Possession*

Hearing Date:
April 30, 2014 at 9:45 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X
                                                         :
In re:                                                   :    Chapter 11
                                                         :
LEGEND PARENT, INC., *et al.*,                           :    Case No. 14-10701 (REG)
                                                         :
        Debtors.                                         :    Jointly Administered
                                                         :
-------------------------------------------------------- X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING NOTIFICATION**
**AND HEARING PROCEDURES FOR TRANSFERS OF OR CLAIMS OF WORTHLESS**
**STOCK DEDUCTIONS WITH RESPECT TO CERTAIN EQUITY SECURITIES**

19069666

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

JURISDICTION ............................................................................................................... 2

THE DEBTORS' TAX ATTRIBUTES ........................................................................... 2

RELIEF REQUESTED ..................................................................................................... 4

THE PROPOSED PROCEDURES .................................................................................. 5

    A.    Equity Trading ................................................................................................. 5

    B.    Worthless Stock Deductions .......................................................................... 7

    C.    Notice of Procedures ..................................................................................... 10

BASIS FOR RELIEF REQUESTED ............................................................................. 11

    A.    NOLs Are Property of a Debtor's Estate and Are Entitled to Court Protection ........... 11

    B.    Bankruptcy Courts Routinely Grant the Relief Requested in the Motion ..................... 11

    C.    The Requested Relief is Necessary to Avoid Irreparable Harm to the Debtors ............. 13

    D.    The Relief Requested is Narrowly Tailored .................................................. 14

NOTICE .......................................................................................................................... 14

NO PRIOR RELIEF ....................................................................................................... 15

CONCLUSION ............................................................................................................... 16

EXHIBIT 1     Proposed Form of Order

Schedule A     Declaration of Status (Substantial Shareholder)

Schedule B     Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Equity Securities

Schedule C     Declaration of Intent to Sell, Trade or Otherwise Transfer Equity Securities

Schedule D     Declaration of Status as a 50% Shareholder

Schedule E     Declaration of Intent to Claim a Worthless Security Deduction

Schedule F     Notice of Order

19069666

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned attorneys, hereby file this motion (the "**Motion**"), for the entry an order authorizing the Debtors to establish notification and hearing procedures that must be satisfied before certain transfers of, or claims of worthless stock deductions with respect to, equity securities in MModal Holdings, Inc. ("**Holdings**") or any beneficial interest therein, are deemed effective.  By way of background, these procedures will generally apply to any person or shareholder who owns, directly or indirectly, more than a certain percentage of Holdings' Series A preferred stock (the "**Preferred Stock**"), a certain percentage of Holdings' Class A common stock (the "**Common A Stock**") or a certain percentage of Holdings' Class L common stock (the "**Common L Stock**" and together with the Common A Stock, the "**Common Stock**," and with the Preferred Stock and any beneficial interest in the Preferred Stock and Common Stock, the "**Equity Securities**" and each, an "**Equity Security**").  In support of this Motion, the Debtors respectfully represent as follows:

## INTRODUCTION

1.  On March 20, 2014 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  Additional information regarding the Debtors' business, capital structure, and circumstances leading to the filing of these chapter 11 cases is contained in the *Declaration of David Woodworth in Accordance With Local Rule 1007-2 in Support of First Day Motions* (the "**First Day Declaration**"),[1] which was filed on the Petition Date and is incorporated herein by reference.

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

## JURISDICTION

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief requested herein are sections 105(a) and 362(a)(3), and 541 of the Bankruptcy Code.

## THE DEBTORS' TAX ATTRIBUTES

3.     The Debtors have estimated federal net operating loss carryforwards of approximately $222,000,000 and estimated state net operating loss carryforwards of approximately $399,000,000 (collectively, "**NOLs**") as well as certain other tax and business credits (the "**Tax Credits**" and together with the NOLs, the "**Tax Attributes**") of approximately $8,200,000.

4.     The NOLs are of significant value to the Debtors and their estates because the Debtors can carry their NOLs forward to offset their future taxable income for up to 20 taxable years, thereby reducing their future aggregate tax obligations.  See 26 U.S.C. § 172.  Such NOLs also may be utilized by the Debtors to offset any taxable income generated by transactions completed during these chapter 11 cases.  Also of significant value, the Tax Credits may be used as a dollar for dollar offset against taxes owed.  See 26 U.S.C. §§ 165, 1001.  While the value of these Tax Attributes is contingent upon whether the Debtors will have sufficient taxable income to use the Tax Attributes before they expire, they could translate into potential future tax savings for the Debtors of approximately $102,000,000, based on the applicable tax rates in jurisdictions in which the Debtors have NOLs.  Thus, the Debtors' Tax Attributes are extremely valuable estate assets, the availability of which will potentially improve creditors' recoveries.

2

5.    To the extent trading or transfers of the Equity Securities results in an "ownership change" within the meaning of section 382 of the Internal Revenue Code of 1986 (as amended, the "**IRC**"), such trading or transfers could severely limit or even eliminate the Debtors' ability to use their Tax Attributes and potentially harm the Debtors, their estates, and the overall reorganization process.  An "ownership change" for purposes of IRC section 382 occurs when the percentage, by value, of stock of a corporation owned by one or more 5% shareholders has increased by more than 50 percentage points over the lowest percentage of stock owned by such shareholders at any time during a three-year period (or since the last ownership change).  Likewise, if a 50% or greater shareholder were, for federal or state tax purposes, to claim a worthless stock deduction prior to the Debtors emergence from chapter 11 protection, IRC section 382(g)(4)(D) would treat such a claim as a transfer, which could trigger an ownership change, and thus adversely affect the Tax Attributes.

6.    If an "ownership change" were to occur during the course of these chapter 11 cases, IRC section 382 would limit the amount of taxable income that the Debtors could offset with their "pre-change losses" in taxable years (or a portion thereof) to an annual amount equal to the value of the corporation prior to the "ownership change" multiplied by the long-term tax exempt rate, increased by "recognized built-in gains," if any, for such taxable year.  See §§ 382(b) and (h)(1).  The Debtors' "pre-change losses" would include the NOLs and certain built-in losses recognized during the first five years after the date of an "ownership change."  Similarly, if an "ownership change" were to occur, IRC section 383 would limit the amount of tax liability that the Debtors could offset with their pre-change Tax Credits.

7.    Simply stated, if too many equity holders transfer (through trading or taking worthless stock deductions) Equity Securities prior to the effective date of a chapter 11 plan of

3

reorganization, such transfers may trigger an ownership change. Although the Debtors will be able to use Tax Attributes to the extent of "recognized built-in gains," if any, income recognized by the Debtors may exceed or may not constitute such recognized built-in gains. The risk of losing the ability to use even a portion of the Tax Attributes justifies the Debtors having the ability to monitor, and possibly object to, changes in ownership of the Equity Securities to preserve flexibility in operating their businesses during the chapter 11 cases, implementing their reorganization plan and, maximizing their ability to reduce future federal income tax liability by offsetting their post-reorganization income with the Tax Attributes. If no restrictions on trading are imposed by this Court, such trading could severely limit or even eliminate the Debtors' ability to use their Tax Attributes, which could impair the value of the Debtors' estates.

8.       To preserve, to the fullest extent possible, the flexibility to implement a balance sheet restructuring that maximizes the value of their Tax Attributes, the Debtors seek limited relief that will enable them to closely monitor certain transfers of the Equity Securities and claims of worthlessness with respect to the Equity Securities so as to position them to act expeditiously to prevent such transfers or claims.

**RELIEF REQUESTED**

9.       By this Motion, the Debtors request the entry an order (the "**Order**") establishing notification and hearing procedures for (i) transfers of the Equity Securities that must be complied with before transfers of such stock are deemed effective (the "**Procedures for Trading in Equity Securities**") and (ii) asserting a claim of worthless stock deduction with respect to the Equity Securities, that must be complied with before such claims of worthless stock deductions are deemed effective (the "**Procedures for Claiming a Worthless Stock Deduction**"). The Procedures for Trading in Equity Securities and Procedures for Claiming a

4

Worthless Stock Deduction are necessary to protect and preserve the Debtors' valuable Tax

Attributes.

## **THE PROPOSED PROCEDURES**

### A.    **Equity Trading**

10.    By establishing procedures for continuously monitoring the trading of

Equity Securities, the Debtors can preserve their ability to seek substantive relief at the appropriate

time, particularly if it appears that additional trading may jeopardize the use of their Tax

Attributes.  Accordingly, the Debtors request that this Court enter an order establishing the

Procedures for Trading in Equity Securities, described below:

a.    Any person or entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve upon proposed counsel to the Debtors, a declaration of such status, substantially in the form of Schedule A to Exhibit 1 attached hereto, on or before the later of (i) 20 days after entry of the Order and (ii) 10 days after becoming a Substantial Shareholder.

b.    Prior to effectuating any transfer of Beneficial Ownership (as defined herein) of Equity Securities that would result in an increase in the amount of Equity Securities of which a Substantial Shareholder has Beneficial Ownership or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court, and serve upon (i) counsel to the Debtors, (ii) counsel to any official committee appointed in these chapter 11 cases, (iii) counsel to the Administrative Agent under the Credit Facility, (iv) the Trustee under the Indenture, and (v) counsel to the holders of the majority of the Notes under the Indenture (collectively (i)-(v), the "**Notice Parties**"), an advance written declaration of the intended transfer of Equity Securities in the form of Schedule B to Exhibit 1 attached hereto (each, a "**Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Equity Securities**").  At the holder's election, the Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Equity Securities filed on the Court's docket may be redacted to exclude such holder's taxpayer identification number and the number of shares of Equities Securities that such holder beneficially owns and proposes to purchase or otherwise acquire.

c.     Prior to effectuating any transfer of Beneficial Ownership of Equity Securities that would result in a decrease in the amount of Equity Securities of which a Substantial Shareholder has Beneficial Ownership or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Equity Securities in the form of <u>Schedule C</u> to <u>Exhibit 1</u> attached hereto (each, a "**Declaration of Intent to Sell, Trade, or Otherwise Transfer Equity Securities**" and with a Declaration of Intent to Purchase, Acquire or Accumulate Equity Securities, each, a "**Declaration of Proposed Transfer**"). At the holder's election, the Declaration of Intent to Sell, Trade, or Otherwise Transfer Equity Securities filed on the Court's docket may be redacted to exclude such holder's taxpayer identification number and the number of shares of Equities Securities that such holder beneficially owns and proposes to sell or otherwise transfer.

d.     The Debtors shall have 21 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Equity Securities described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction would not be effective unless such objection is withdrawn by the Debtors or such transaction is approved by a final order of the Court that is no longer subject to an appeal. If the Debtors do not object within such 21-day period, such transaction could proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 21-day waiting period for each Declaration of Proposed Transfer.

e.     For purposes of these procedures: (i) a "**Substantial Shareholder**" is any person or entity that (a) has Beneficial Ownership of at least 4.5%, by value, of the Equity Securities or (b) has Beneficial Ownership of at least (x) 18,843 shares of Preferred Stock (representing approximately 4.5% of all issued and outstanding shares of Preferred Stock)[2], (y) 16,585 shares of Common A Stock (representing approximately 4.5% of all issued and outstanding shares of Common A Stock)[3]; or (z) 5,035 shares of Common L

---

[2]    Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

[3]    Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

Stock (representing approximately 4.5% of all issued and outstanding shares of Common L Stock)[4]; (ii) "**Beneficial Ownership**" of Equity Securities is determined under IRC Section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option to acquire; and (iii) an "**Option**" to acquire equity securities includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

11.    The Debtors shall have the right to challenge and seek to unwind any transfers of Equity Securities to which the Order otherwise would apply that were made prior to the entry of the Order.

## B.    Worthless Stock Deductions

12.    The Debtors also request that the Court enter an order restricting the ability of shareholders that own or have owned 50% or more, by value, of the Equity Securities to claim a deduction for the worthlessness of those securities on their federal or state tax returns for any tax year ending before the Debtors emerge from chapter 11 protection.  Under IRC section 382(g)(4)(D), any securities held by such a shareholder are treated as though they were transferred if such shareholder claims a worthless stock deduction with respect to such securities. It is therefore essential that shareholders that own or have owned 50% or more of the Debtors' Equity Securities defer claiming such worthless stock deduction until after the Debtors have emerged from bankruptcy.

---

[4]    Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

13.    By restricting 50% shareholders from claiming a worthless stock deduction prior to the Debtors' emergence from chapter 11 protection, the Debtors can preserve their ability to seek substantive relief at the appropriate time. Accordingly, the Debtors request that the Court enter an order establishing the Procedures for Claiming a Worthless Stock Deduction, described below:

a.    Any person or entity that currently is or becomes a 50% Shareholder (as such term is defined herein) must file with the Court, and serve upon the Notice Parties, a notice of such status, in the form of Schedule D of Exhibit 1 attached hereto, on or before the later of (i) 20 days after the date of entry of the Order and (ii) 10 days after becoming a 50% Shareholder.

b.    (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Equity Securities, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Schedule E of Exhibit 1 attached hereto (a "**Declaration of Intent to Claim a Worthless Security Deduction**"), of the intended claim of worthlessness.

(ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Schedule E of Exhibit 1 attached hereto, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Equity Securities, for a tax year ending before the Debtors' emergence from chapter 11 protection.

c.    The Debtors will have 21 calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with

such claim would not be permitted unless approved by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 21-day period, the filing of the return or distribution of K-1 or other information statement with such claim would be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 21-day waiting period.

    d.    For purposes of these procedures: (i) a "**50% Shareholder**" is any person or entity that, within such person's or entity's last three taxable years, (a) has Beneficial Ownership of at least 50%, by value, of the Equity Securities, or (b) has Beneficial Ownership of at least (x) 209,367 shares of the Preferred Stock (representing approximately 50% of all issued and outstanding shares of Preferred Stock)[5]; (y) 184,274 shares of the Common A Stock (representing approximately 50% of all issued and outstanding shares of Common A Stock)[6]; or (z) 55,940 shares of the Common L Stock (representing approximately 50% of all issued and outstanding shares of Common L Stock)[7]; (ii) "**Beneficial Ownership**" of Equity Securities is determined under IRC Section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option to acquire; and (iii) an "**Option**" to acquire equity securities includes any contingent purchase, warrant, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

## C.    <u>Notice Of Procedures</u>

    14.    To ensure parties in interest receive appropriate notice of the Procedures for Trading in Equity Securities and Procedures for Claiming a Worthless Stock Deduction, the

---

[5]    Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

[6]    Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

[7]    Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

Debtors request that the Court approve the following notice provisions for the Procedures for

Trading in Equity Securities:

    a.    No later than five business days following entry of the Order, the Debtors shall serve by overnight mail, a notice in substantially the form of Schedule F of Exhibit 1 attached hereto (the "**Notice of Order**") to: (a) all holders of Common A Stock; (b) all holders of Common L Stock; (c) all holders of Preferred Stock ((a)-(c) collectively, the "**Registered Holders**"); (d) counsel to any official committee appointed in these chapter 11 cases; (e) the Securities and Exchange Commission; (g) the Internal Revenue Service; (h) counsel to the Administrative Agent under the Credit Facility; (i) the Trustee under the Indenture; (j) counsel to the holders of the majority of the Notes under the Indenture; and (k) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002.

    b.    All Registered Holders shall serve the Notice of Order on any holder for whose account such Registered Holder holds Common A Stock in excess of 5528 shares,[8] Common L Stock in excess of 1678 shares and/or Preferred Stock in excess of 6281 shares and so on down the chain of ownership for all such holders of Common A Stock in excess of 5528 shares, Common L Stock in excess of 1678 shares and Preferred Stock in excess of 6281.  Each 50% Shareholder that is a partnership or other pass-through entity for federal or state income tax purposes shall serve the Notice of Order on all partners or other owners of such 50% Shareholder together with written notice to the recipient that it is receiving the Notice of Order in its capacity as partner or owner of a 50% Shareholder.

    c.    At least on the first business day of each calendar quarter after the date of the entry of the Order during these chapter 11 cases, Holdings, as issuer, shall be required to serve the Notice of Order on all Registered Holders.

    d.    Additionally, any Substantial Shareholder who sells in excess of 5528 shares of Common A Stock, in excess of 1678 shares of Common L Stock and/or in excess of 6281 shares of Preferred Stock to another entity would be required to serve a copy of the Notice of Order on such purchaser of such Equity Security.

---

[8]    The Debtors propose to provide the Notice of Order to all direct holders of more than 5528 shares of Common A Stock, 1678 shares of Common L Stock and 6281 shares of Preferred Stock to increase the likelihood that Substantial Shareholders or 50% Shareholders who may hold shares of Common Stock or Preferred Stock indirectly are properly notified.

15.     With respect to the Procedures for Trading in Equity Securities and the Procedures for Claiming a Worthless Stock Deduction, the Debtors further request that the Court permit the Debtors to waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion or in any order entered with respect hereto.

## BASIS FOR RELIEF REQUESTED

### A.     NOLs Are Property of a Debtor's Estate and Are Entitled to Court Protection

16.     Courts have generally held that a debtor's NOLs and certain other tax attributes constitute property of a debtor's estate under section 541 of the Bankruptcy Code and as such, courts have the authority to implement certain protective measures to preserve them for the benefit of the estate. See e.g., In re Prudential Lines, Inc., 107 B.R. 832 (Bankr. S.D.N.Y. 1989), aff'd, 119 B.R. 430 (S.D.N.Y. 1990), aff'd, 928 F.2d 565 (2d Cir. 1991), cert. denied 502 U.S. 821 (1991) (enjoining a party from taking a worthless security deduction because the "debtor's potential ability to utilize NOLs is property of an estate," and "the taking of a worthless security deduction is an exercise of control over a debtor's NOLs" and thus subject to the automatic stay); In re White Metal Rolling & Stamping Corp., 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them."); In re Phar-Mor, Inc., 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) ("[T]he sale of stock is prohibited by § 362(a)(3) as an exercise of control over the NOL, which is property of the estate.").  Since the Debtors' Tax Attributes are property of their estates, this Court may enforce the automatic stay by restricting any transfer of, or claim of worthless stock deduction with respect to, Equity Securities that could jeopardize these valuable assets.

### B.     Bankruptcy Courts Routinely Grant the Relief Requested in the Motion

17.     Courts in this and other jurisdictions have customarily restricted transfers of common stock to protect a debtor against the possible loss of its Tax Attributes.  See e.g., In re

Hawker Beechcraft, Inc., Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. June 27, 2012) (approving on a final basis notification and hearing procedures for transfers of, or claims of worthlessness with respect to, certain equity securities); In re Velo Holdings Inc., Case No. 12-11384 (MG) (Bankr. S.D.N.Y. May 29, 2012) (approving on a final basis notification and hearing procedures for transfers of or claims of worthless stock deductions with respect to equity securities); In re The Great Atl. & Pac. Tea Co., Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Jan. 12, 2011) (approving on a final basis notification procedures and restrictions on certain transfers of, and worthless stock deductions with respect to, equity interests); In re NR Liquidation III Co. Inc., Case No. 10-12610 (Bankr. S.D.N.Y. June 9, 2010) (same); In re Citadel Broad. Corp., Case No. 09-17442 (Bankr. S.D.N.Y. April 12, 2010) (same); In re Gen. Motors Corp., Case No. 09-50026 (Bankr. S.D.N.Y. June 25, 2009) (approving on a final basis notification procedures and restricting certain transfers of equity interests); In re Charter Commc'ns, Inc., Case No. 09-11435 (Bankr. S.D.N.Y. April 15, 2009) (same); In re Star Tribune Holdings Corp., Case No. 09-10244 (Bankr. S.D.N.Y. Feb. 6, 2009) (same); In re Tronox Inc., Case No. 09-10156 (Bankr. S.D.N.Y. Feb. 6, 2009) (approving on a final basis notification procedures and restrictions on certain transfers of, and worthless stock deductions with respect to, equity interests in the debtors); In re Frontier Airlines Holdings, Inc., Case No. 08-11298 (Bankr. S.D.N.Y. June 3, 2008) (approving on a final basis notification procedures and restricting certain transfers of equity interests).

18.    Courts granting such relief generally have done so by imposing notice and hearing requirements on any proposed transfer of stock to or by an entity whose holdings of such stock exceeds, or would exceed as a result of the proposed transfer, a certain threshold amount.  To accomplish this, the court and the debtor are given notice of any proposed transfers of stock by entities whose aggregate stock holdings exceed a certain dollar or share threshold, giving the

debtor an opportunity to object to such transfer at a hearing.  The order in First Merchants
Acceptance was a seminal case for this proposition. See In re First Merchs. Acceptance Corp., No.
97-01500 (Bankr. D. Del. Mar. 12, 1998).  In that case, the court entered an order imposing a duty
to provide notice to the court and to the debtor's counsel (after which the debtor was afforded time
to object and the right to a hearing) on any entity intending to (a) acquire, accumulate, or sell more
than a prescribed number of shares of the debtor, or to add additional shares to such a block or (b)
acquire or sell any subordinated reset notes or unsecured claims against the debtors. See also In re
Calpine Corp., No. 05-60200 (Bankr. S.D.N.Y. Dec. 21, 2005) (stock trading restrictions applied
to persons who were, or would become as a result of the proposed transfer, a 4.5% stockholder).
Although the relief that the Debtors request in this Motion is similar to that granted in First
Merchants Acceptance, it excludes transfers by claimholders from the scope of the notice and
hearing procedures, thus making the requested relief significantly less burdensome than the relief
granted in that case.

19.    The Debtors' Tax Attributes are valuable assets of their estates that will
inure to the benefit of their stakeholders and facilitate the Debtors' reorganization.  Unrestricted
trading in the Equity Securities or unrestricted deductions for worthless Equity Securities
jeopardizes these Tax Attributes assets and impairs their value for the Debtors' stakeholders at
large.  Accordingly, this Court should grant the requested relief and establish a notice and hearing
procedure governing the trading of Equity Securities and the claiming of deductions based on the
notion that such Equity Securities are worthless.

**C.    The Requested Relief is Necessary to Avoid Irreparable Harm to the Debtors**

20.    Once a Tax Attribute is limited under IRC section 382, its use is impaired
forever, and once an equity interest is transferred, it cannot be undone.  The relief sought herein is
thus necessary to avoid permanently losing the Tax Attributes and the irreparable harm that would

13

be caused by the Debtors' resulting inability to offset current and future taxable income with their

Tax Attributes.

**D.      The Relief Requested is Narrowly Tailored**

21.     The requested relief does not bar all trading of Equity Securities. Moreover,

the requested relief does not prohibit the trading in claims against the Debtors.  At this early

juncture, the Debtors seek to establish procedures only to monitor those types of stock trading or

claims of worthless stock deductions that would pose a serious risk under the IRC section 382

ownership change test to preserve the Debtors' ability to seek substantive relief if it appears that a

proposed trade will jeopardize their use of the Tax Attributes. Furthermore, to the Debtors'

knowledge, there are currently only five (5) Substantial Shareholders and three (3) 50%

Shareholder which would be affected by the relief requested in this Motion.  The procedures

requested by the Debtors would permit most trading of Equity Securities and claims to continue,

subject to applicable law.

## NOTICE

22.     Notice of this Motion has been provided to: (i) the United States Trustee for

Region 2 for the Southern District of New York, (ii) the Debtors' thirty (30) largest unsecured

creditors on a consolidated basis; (iii) the Administrative Agent under the Credit Facility; (iv)

counsel to the Administrative Agent under the Credit Facility; (v) the Trustee under the Indenture;

(vi) counsel to the Trustee under the Indenture; (vii) counsel to the holders of the majority of the

Notes under the Indenture; (viii) counsel to the Official Committee of Unsecured Creditors;

(ix) the Internal Revenue Service; (x) the New York State Department of Taxation and Finance;

(xi) the New York State Department of Health; (xii) the Securities and Exchange Commission;

(xiii) the United States Attorney's Office; (xiv) the United States Attorney General; (xv) the

Registered Holders; and (xvi) all parties who have filed a notice of appearance in these cases.  In

light of the nature of the relief requested, the Debtors submit that no further notice is required or

needed under the circumstances.  The Debtors have provided notice to all entities believed to have

claimed or may claim an interest in the subject matter of the proposed orders or which otherwise

would be affected by the proposed orders.

## **NO PRIOR RELIEF**

23.    No previous motion for the relief sought herein has been made to this or any

other Court.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court (i) enter the

proposed form of Order, substantially in the form attached hereto as <u>Exhibit 1</u> granting the relief

requested herein and such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          _____, 2014

DECHERT LLP

<u>*/s/ Shmuel Vasser*</u>
Allan S. Brilliant
Shmuel Vasser
Jeffrey T. Mispagel
1095 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599
Email:  allan.brilliant@dechert.com
          shmuel.vasser@dechert.com
          jeffrey.mispagel@dechert.com

*and*

KLESTADT & WINTERS, LLP

<u>*/s/ Tracy L. Klestadt*</u>
Tracy L. Klestadt
570 Seventh Avenue, 17th Floor
New York, New York  10018
Telephone:  (212) 972-3000
Facsimile:  (212) 972-2245
Email:  tklestadt@klestadt.com


*Proposed Counsel and Conflicts Counsel for the*
*Debtors and Debtors in Possession*

## EXHIBIT 1

**Proposed Form of Order**

19069666

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
                                                         :
In re:                                                   :    Chapter 11
                                                         :
LEGEND PARENT, INC., *et al.*,                           :    Case No. 14-10701 (REG)
                                                         :
        Debtors.                                         :    Jointly Administered
                                                         :
-------------------------------------------------------- X

### ORDER ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR TRANSFERS OF OR CLAIMS OF WORTHLESS STOCK DEDUCTIONS WITH RESPECT TO CERTAIN EQUITY SECURITIES

Upon consideration of the motion (the "**Motion**")[1] of the Debtors for the entry of

an Order authorizing the Debtors to establish notification and hearing procedures that must be

satisfied before certain shareholders may make transfers of, or claim worthless stock deductions

with respect to, Equity Securities of MModal Holdings, Inc.; and jurisdiction existing for the Court

to consider the Motion; and after due deliberation thereon; and the Court having found that good

and sufficient cause exists for granting the Motion; and upon consideration of the First Day

Declaration, and the files and records in these cases; and upon the arguments and statements in

support of the Motion presented at the hearing before the Court; and it appearing that the relief

requested is in the best interests of the Debtors' estates, their creditors, and other

parties-in-interest; and it appearing that notice of the Motion was adequate and proper under the

circumstances of these cases and that no further or other notice need be given; it is hereby

ORDERED that the Motion is granted to the extent provided herein; and it is

further

ORDERED that any purchase, sale, or other transfer of, or declaration of worthless

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

stock deduction with respect to, Equity Securities in Holdings in violation of the procedures set

forth herein (including the notice requirements set forth herein) shall be null and void *ab initio*; and

it is further

ORDERED that the following procedure shall apply to trading in Equity Securities:

a.    Any person or entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve upon proposed counsel to the Debtors, a declaration of such status, substantially in the form of Schedule A attached hereto, on or before the later of (i) 20 days after entry of this Order and (ii) 10 days after becoming a Substantial Shareholder.

b.    Prior to effectuating any transfer of Beneficial Ownership (as defined herein) of Equity Securities that would result in an increase in the amount of Equity Securities of which a Substantial Shareholder has Beneficial Ownership or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Equity Securities in the form of Schedule B attached hereto (each, a "**Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Equity Securities**").  At the holder's election, the Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Equity Securities filed on the Court's docket may be redacted to exclude such holder's taxpayer identification number and the number of shares of Equities Securities that such holder beneficially owns and proposes to purchase or otherwise acquire.

c.    Prior to effectuating any transfer of Beneficial Ownership of Equity Securities that would result in a decrease in the amount of Equity Securities of which a Substantial Shareholder has Beneficial Ownership or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Equity Securities in the form of Schedule C attached hereto (each, a "**Declaration of Intent to Sell, Trade, or Otherwise Transfer Equity Securities**" and with a Declaration of Intent to Purchase, Acquire or Accumulate Equity Securities, each, a "**Declaration of Proposed Transfer**").  At the holder's election, the Declaration of Intent to Sell, Trade, or Otherwise Transfer Equity Securities filed on the Court's docket may be redacted to exclude such holder's taxpayer

2

identification number and the number of shares of Equities
Securities that such holder beneficially owns and proposes to sell or
otherwise transfer.

d.      The Debtors shall have 21 calendar days after receipt of a
Declaration of Proposed Transfer to file with the Court and serve on
such Substantial Shareholder or potential Substantial Shareholder
an objection to any proposed transfer of Beneficial Ownership of
Equity Securities described in the Declaration of Proposed Transfer
on the grounds that such transfer might adversely affect the Debtors'
ability to utilize their Tax Attributes. If the Debtors file an objection,
such transaction would not be effective unless such objection is
withdrawn by the Debtors or such transaction is approved by a final
order of the Court that is no longer subject to an appeal. If the
Debtors do not object within such 21-day period, such transaction
could proceed solely as set forth in the Declaration of Proposed
Transfer.  Further transactions within the scope of this paragraph
must be the subject of additional notices in accordance with the
procedures set forth herein, with an additional 21-day waiting
period for each Declaration of Proposed Transfer.

e.      For purposes of these procedures: (i) a "**Substantial Shareholder**"
is any person or entity that (a) has Beneficial Ownership of at least
4.5%, by value, of the Equity Securities or (b) has Beneficial
Ownership of at least (x) 18,843 shares of Preferred Stock
(representing approximately 4.5% of all issued and outstanding
shares of Preferred Stock)[2], (y) 16,585 shares of Common A Stock
(representing approximately 4.5% of all issued and outstanding
shares of Common A Stock)[3]; or (z) 5,035 shares of Common L
Stock (representing approximately 4.5% of all issued and
outstanding shares of Common L Stock)[4]; (ii) "**Beneficial
Ownership**" of Equity Securities is determined under IRC Section
382 and related regulations and includes direct and indirect
ownership (e.g., a holding company would be considered to
beneficially own all shares owned or acquired by its subsidiaries and
a partner in a partnership would be considered to own its
proportionate share of any equity securities owned by such
partnership), ownership by such holder's family members and
entities acting in concert with such holder to make a coordinated
acquisition of equity securities and ownership of equity securities
that such holder has an Option to acquire; and (iii) an "**Option**" to

---

[2]    Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

[3]    Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

[4]    Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

acquire equity securities includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

and it is further

ORDERED that the Debtors shall have right to challenge and seek to unwind any transfers of Equity Securities to which this Order otherwise would apply that were made prior to the entry of this Order; and it is further

ORDERED that the following procedure shall apply to claims for tax purposes that any Equity Securities are worthless:

a.    Any person or entity that currently is or becomes a 50% Shareholder (as such term is defined herein) must file with the Court, and serve upon the Notice Parties, a notice of such status, in the form of Schedule D attached hereto, on or before the later of (i) 20 days after the date of entry of the Order and (ii) 10 days after becoming a 50% Shareholder.

b.    (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Equity Securities, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Schedule E attached hereto (a "**Declaration of Intent to Claim a Worthless Security Deduction**"), of the intended claim of worthlessness.

(ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Schedule E attached hereto, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Equity Securities, for a tax year ending before the Debtors' emergence from chapter 11 protection.

c.     The Debtors will have 21 calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim would not be permitted unless approved by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 21-day period, the filing of the return or distribution of K-1 or other information statement with such claim would be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 21-day waiting period.

d.     For purposes of these procedures: (i) a "**50% Shareholder**" is any person or entity that, within such person's or entity's last three taxable years, (a) has Beneficial Ownership of at least 50%, by value, of the Equity Securities, or (b) has Beneficial Ownership of at least (x) 209,367 shares of the Preferred Stock (representing approximately 50% of all issued and outstanding shares of Preferred Stock)[5]; (y) 184,274 shares of the Common A Stock (representing approximately 50% of all issued and outstanding shares of Common A Stock)[6]; or (z) 55,940 shares of the Common L Stock (representing approximately 50% of all issued and outstanding shares of Common L Stock)[7]; (ii) "**Beneficial Ownership**" of Equity Securities is determined under IRC Section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option to acquire; and (iii) an "**Option**" to acquire equity securities includes any contingent purchase, warrant, put, call, stock subject to risk of

---

[5]     Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

[6]     Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

[7]     Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

and it is further

ORDERED that the following notice provisions with respect to the procedures for trading in the Equity Securities and procedures for claiming a worthless stock deduction with respect to Equity Securities, shall apply:

a. No later than five business days following entry of the Order, the Debtors shall serve by overnight mail, a notice in substantially the form of Schedule F attached hereto (the "**Notice of Order**") to: (a) all holders of Common A Stock; (b) all holders of Common L Stock; (c) all holders of Preferred Stock ((a)-(c) collectively, the "**Registered Holders**"); (d) counsel to any official committee appointed in these chapter 11 cases; (e) the Securities and Exchange Commission; (g) the Internal Revenue Service; (h) counsel to the Administrative Agent under the Credit Facility; (i) the Trustee under the Indenture; (j) counsel to the holders of the majority of the Notes under the Indenture; and (k) those parties who have requested service of papers pursuant to Bankruptcy Rule 2002.

b. All Registered Holders shall serve the Notice of Order on any holder for whose account such Registered Holder holds Common A Stock in excess of 5528 shares,[8] Common L Stock in excess of 1678 shares and/or Preferred Stock in excess of 6281 shares and so on down the chain of ownership for all such holders of Common A Stock in excess of 5528 shares, Common L Stock in excess of 1678 shares and Preferred Stock in excess of 6281 shares. Each 50% Shareholder that is a partnership or other pass-through entity for federal or state income tax purposes shall serve the Notice of Order on all partners or other owners of such 50% Shareholder together with written notice to the recipient that it is receiving the Notice of Order in its capacity as partner or owner of a 50% Shareholder.

c. At least on the first business day of each calendar quarter after the date of the entry of the Order during these chapter 11 cases, Holdings, as issuer, shall be required to serve the Notice of Order on all Registered Holders.

---

[8] The Debtors propose to provide the Notice of Order to all direct holders of more than 5528 shares of Common A Stock, 1678 shares of Common L Stock and 6281 shares of Preferred Stock to increase the likelihood that Substantial Shareholders or 50% Shareholders who may hold shares of Common Stock or Preferred Stock indirectly are properly notified.

        d.         Additionally, any Substantial Shareholder who sells in excess of 5528 shares of Common A Stock, in excess of 1678 shares of Common L Stock and/or in excess of 6281 shares of Preferred Stock to another entity would be required to serve a copy of the Notice of Order on such purchaser of such Equity Security.

and it is further

        ORDERED that the requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3002 and all applicable securities, corporate and other laws, and do not excuse compliance therewith; and it is further

        ORDERED that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral; and it is further

        ORDERED that the terms and conditions of this Order shall be immediately enforceable and effective upon its entry; and it is further

        ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

        ORDERED that this Court shall retain jurisdiction with respect to all matters, claims, rights, and obligations arising from or related to the implementation of this Order.

Dated: _____, 2014
       New York, New York


                      _____
                      UNITED STATES BANKRUPTCY JUDGE

## Schedule A

**Declaration of Status (Substantial Shareholder)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
                                                  :

In re:                                :     Chapter 11
                                                  :

LEGEND PARENT, INC., *et al.*,     :     Case No. 14-10701 (REG)
                                                  :

     Debtors.                      :     Jointly Administered
                                                  :

--------------------------------------------------------- X

## <u>DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER</u>

          PLEASE TAKE NOTICE that _____ is/has become a Substantial Shareholder[1] with respect to the common A stock (the "**Common A Stock**"), the Common L stock (the "**Common L Stock**") and/or the Series A preferred stock (the "**Preferred Stock**") in MModal Holdings, Inc. ("**Holdings**") or any beneficial interest therein to acquire such equity securities (collectively, the "**Equity Securities**"). Holdings is a debtor and debtor in possession in Case No. 14-10701 (REG) pending in the United States Bankruptcy Court for the Southern District of New York.

          PLEASE TAKE FURTHER NOTICE that, as of _____, 2014, _____ has Beneficial Ownership of _____ shares of Common A Stock, _____ shares of Common L Stock, and/or _____ shares of Preferred Stock. The following table sets forth the date(s) on which _____ acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Equity Securities:

---

[1] For purposes of these procedures: (i) a "**Substantial Shareholder**" is any person or entity that (a) has Beneficial Ownership of at least 4.5%, by value, of the Equity Securities or (b) has Beneficial Ownership of at least (x) has Beneficial Ownership of at least 18,843 shares of Preferred Stock (representing approximately 4.5% of all issued and outstanding shares of Preferred Stock)[a], (y) 16,585 shares of Common A Stock (representing approximately 4.5% of all issued and outstanding shares of Common A Stock)[b]; or (z) 5,035 shares of Common L Stock (representing approximately 4.5% of all issued and outstanding shares of Common L Stock)[c]; (ii) "**Beneficial Ownership**" of Equity Securities is determined under IRC Section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option to acquire; and (iii) an "**Option**" to acquire equity securities includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

a.    Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

b.    Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

c.    Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

19069666

| Number of Shares of Common A Stock | Date Acquired |
|---|---|
|  |  |
| Number of Shares of Common L Stock | Date Acquired |
|  |  |
| Number of Shares of Preferred Stock | Date Acquired |
|  |  |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of _____ are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Establishing Notification and Hearing Procedures for Transfers of or Claims of Worthless Stock Deductions with Respect to Certain Equity Securities and Granting Related Relief*, this Notice is being (a) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, and (b) served upon (i) counsel to the Debtors, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York 10018, Attn: Tracy Klestadt, (ii) counsel to the Debtors, Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036, Attn: Allan S. Brilliant, Shmuel Vasser, and Jeffrey T. Mispagel, (iii) counsel to the official committee of unsecured creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Kristopher M. Hansen, Frank A. Merola, and Matthew G. Garofalo, (iv) the administrative agent under the Debtors' credit facility, Royal Bank of Canada, 4th Floor, 20 King Street West, Toronto, Ontario M5H 1C4, Attn: Ann Hurley, Senior Manager, Agency Services Group, (v) counsel to the administrative agent under the Debtors' credit facility, Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, IL 60606, Attn: Richard A. Levy, (vi) the trustee for the Debtors' outstanding notes, U.S. Bank National Association, 214 N. Tryon Street, 27th Floor, Charlotte, NC 28202, Attn: Corporate Trust Department, (vii) counsel to the trustee for the Debtors' outstanding notes, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154, Attn: Walter H. Curchack and Vadim J. Rubinstein, and (viii) counsel to the majority of the holders of the Debtors' outstanding notes, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Michael Stamer and James Savin.

PLEASE TAKE FURTHER NOTICE that, pursuant to pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration, are true, correct, and complete.

Respectfully submitted,

Dated:

(Name of Substantial Shareholder)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

3

## Schedule B

**Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Equity Securities**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                  :

In re:                                :     Chapter 11
                                    :

LEGEND PARENT, INC., *et al.*,       :     Case No. 14-10701 (REG)
                                    :

    Debtors.                      :     Jointly Administered
                                    :

-------------------------------------------------------- X

## DECLARATION OF INTENT TO PURCHASE, ACQUIRE OR OTHERWISE ACCUMULATE EQUITY SECURITIES

          PLEASE TAKE NOTICE that _____ hereby provides notice of its intention to purchase, acquire or otherwise accumulate (the "**Proposed Transfer**") one or more shares of the common A stock (the "**Common A Stock**"), the Common L stock (the "**Common L Stock**") and/or the Series A preferred stock (the "**Preferred Stock**") in MModal Holdings Inc. ("**Holdings**") or any beneficial interest therein to acquire such equity securities (collectively, the "**Equity Securities**").

          PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, 2014, _____ filed a Declaration of Status as a Substantial Shareholder[1] with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") and served copies thereof as set forth therein.

          PLEASE TAKE FURTHER NOTICE that _____ currently has Beneficial Ownership of _____ shares of Common A Stock, _____ shares of Common L Stock, and/or _____ shares of Preferred Stock.

---

[1]    For purposes of these procedures: (i) a "**Substantial Shareholder**" is any person or entity that (a) has Beneficial Ownership of at least 4.5%, by value, of the Equity Securities or (b) has Beneficial Ownership of at least (x) 18,843 shares of Preferred Stock (representing approximately 4.5% of all issued and outstanding shares of Preferred Stock)[a], (y) 16,585 shares of Common A Stock (representing approximately 4.5% of all issued and outstanding shares of Common A Stock)[b]; or (z) 5,035 shares of Common L Stock (representing approximately 4.5% of all issued and outstanding shares of Common L Stock)[c]; (ii) "**Beneficial Ownership**" of Equity Securities is determined under IRC Section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option to acquire; and (iii) an "**Option**" to acquire equity securities includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

    a.    Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

    b.    Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

    c.    Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, _____ proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common A Stock, _____ shares of Common L Stock, and/or _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, _____ will have beneficial ownership of _____ shares of Common A Stock, _____ shares of Common L Stock, and/or _____ shares of Preferred Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of _____ are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Establishing Notification and Hearing Procedures for Transfers of or Claims of Worthless Stock Deductions with Respect to Certain Equity Securities and Granting Related Relief*, this Notice is being (a) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York  10004-1408, and (b) served upon (i) counsel to the Debtors, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York  10018, Attn: Tracy Klestadt, (ii) counsel to the Debtors, Dechert LLP, 1095 Avenue of the Americas, New York, New York  10036, Attn: Allan S. Brilliant, Shmuel Vasser, and Jeffrey T. Mispagel, (iii) counsel to the official committee of unsecured creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Kristopher M. Hansen, Frank A. Merola, and Matthew G. Garofalo, (iv) the administrative agent under the Debtors' credit facility, Royal Bank of Canada, 4th Floor, 20 King Street West, Toronto, Ontario M5H 1C4, Attn: Ann Hurley, Senior Manager, Agency Services Group, (v) counsel to the administrative agent under the Debtors' credit facility, Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, IL  60606, Attn:  Richard A. Levy, (vi) the trustee for the Debtors' outstanding notes, U.S. Bank National Association, 214 N. Tryon Street, 27th Floor, Charlotte, NC 28202, Attn: Corporate Trust Department, (vii) counsel to the trustee for the Debtors' outstanding notes, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154, Attn: Walter H. Curchack and Vadim J. Rubinstein, and (viii) counsel to the majority of the holders of the Debtors' outstanding notes, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Michael Stamer and James Savin.

PLEASE TAKE FURTHER NOTICE that the Debtors have 21 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final order of the Court that is no longer subject to an appeal.  If the Debtors do not object within such 21-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by _____that may result in_____ purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Equity Securities or an Option with respect thereto will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration, are true, correct, and complete.

Respectfully submitted,

Dated:

(Name of Substantial Shareholder)

By: _____
Name:_____
Address: _____
_____
Telephone: _____
Facsimile: _____

3

## Schedule C

**Declaration of Intent to Sell, Trade or Otherwise Transfer Equity Securities**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
                                                          :
In re:                                                    :    Chapter 11
                                                          :
LEGEND PARENT, INC., *et al.*,                            :    Case No. 14-10701 (REG)
                                                          :
        Debtors.                                          :    Jointly Administered
                                                          :
--------------------------------------------------------- X

## DECLARATION OF INTENT TO SELL, TRADE OR OTHERWISE TRANSFER EQUITY SECURITIES

PLEASE TAKE NOTICE that _____ hereby provides notice of its intention to sell, trade, or otherwise transfer (the "**Proposed Transfer**") one or more shares of the common A stock (the "**Common A Stock**"), the Common L stock (the "**Common L Stock**") and/or the Series A preferred stock (the "**Preferred Stock**") in MModal Holdings, Inc. ("**Holdings**") or any beneficial interest therein to acquire such equity securities (collectively, the "**Equity Securities**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, 2014, _____ filed a Declaration of Status as a Substantial Shareholder[1] with the United States Bankruptcy Court for the Southern District of New York (the "Court") and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that _____ currently has Beneficial Ownership of _____ shares of Common A Stock, _____ shares of Common L

---

[1]    For purposes of these procedures (i) a "**Substantial Shareholder**" is any person or entity that (a) has Beneficial Ownership of at least 4.5%, by value, of the Equity Securities or (b) has Beneficial Ownership of at least (x) has Beneficial Ownership of at least 18,843 shares of Preferred Stock (representing approximately 4.5% of all issued and outstanding shares of Preferred Stock)[a], (y) 16,585 shares of Common A Stock (representing approximately 4.5% of all issued and outstanding shares of Common A Stock)[b]; or (z) 5,035 shares of Common L Stock (representing approximately 4.5% of all issued and outstanding shares of Common L Stock)[c]; (ii) "**Beneficial Ownership**" of Equity Securities is determined under IRC Section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option to acquire; and (iii) an "**Option**" to acquire equity securities includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

a.    Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

b.    Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

c.    Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

Stock, and/or _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, _____ proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common A Stock, _____ shares of Common L Stock, and/or _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, _____ will have beneficial ownership of _____ shares of Common A Stock, _____ shares of Common L Stock, and/or _____ shares of Preferred Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of _____ are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Establishing Notification and Hearing Procedures for Transfers of or Claims of Worthless Stock Deductions with Respect to Certain Equity Securities and Granting Related Relief*, this Notice is being (a) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York  10004-1408, and (b) served upon (i) counsel to the Debtors, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York  10018, Attn: Tracy Klestadt, (ii) counsel to the Debtors, Dechert LLP, 1095 Avenue of the Americas, New York, New York  10036, Attn: Allan S. Brilliant, Shmuel Vasser, and Jeffrey T. Mispagel, (iii) counsel to the official committee of unsecured creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Kristopher M. Hansen, Frank A. Merola, and Matthew G. Garofalo, (iv) the administrative agent under the Debtors' credit facility, Royal Bank of Canada, 4th Floor, 20 King Street West, Toronto, Ontario M5H 1C4, Attn: Ann Hurley, Senior Manager, Agency Services Group, (v) counsel to the administrative agent under the Debtors' credit facility, Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, IL  60606, Attn:  Richard A. Levy, (vi) the trustee for the Debtors' outstanding notes, U.S. Bank National Association, 214 N. Tryon Street, 27th Floor, Charlotte, NC 28202, Attn: Corporate Trust Department, (vii) counsel to the trustee for the Debtors' outstanding notes, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154, Attn: Walter H. Curchack and Vadim J. Rubinstein, and (viii) counsel to the majority of the holders of the Debtors' outstanding notes, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Michael Stamer and James Savin.

PLEASE TAKE FURTHER NOTICE that the Debtors have 21 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final order of the Court that is no longer subject to an appeal.  If the Debtors do not object within such 21-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by _____that may result in_____ purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Equity Securities or an Option with respect thereto will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration, are true, correct, and complete.

Respectfully submitted,

Dated:

(Name of Substantial Shareholder)

By: _____
Name:_____
Address: _____
_____
Telephone: _____
Facsimile: _____

3

## Schedule D

**Declaration of Status as a 50% Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
                                                           :
In re:                                                     :    Chapter 11
                                                           :
LEGEND PARENT, INC., *et al.*,                             :    Case No. 14-10701 (REG)
                                                           :
        Debtors.                                           :    Jointly Administered
                                                           :
---------------------------------------------------------- X

## DECLARATION OF STATUS AS A 50% SHAREHOLDER

          PLEASE TAKE NOTICE that _____ is/has become a 50% Shareholder[1] with respect to the common A stock (the "**Common A Stock**"), the Common L stock (the "**Common L Stock**") and/or the Series A preferred stock (the "**Preferred Stock**") in MModal Holdings, Inc. ("**Holdings**") or any beneficial interest therein to acquire such equity securities (collectively, the "**Equity Securities**").  Holdings is a debtor and debtor in possession in Case No. 14-10701 (REG) pending in the United States Bankruptcy Court for the Southern District of New York.

          PLEASE TAKE FURTHER NOTICE that, as of _____, 2014, _____ _____ has Beneficial Ownership of _____ shares of Common A Stock, _____ shares of Common L Stock, and/or _____ shares of Preferred Stock.  The following table sets forth the date(s) on which _____ acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Equity Securities:

---

[1]     For purposes of these procedures: (i) a "**50% Shareholder**" is any person or entity that, within such person's or entity's last three taxable years, (a) has Beneficial Ownership of at least 50%, by value, of the Equity Securities, or (b) has Beneficial Ownership of at least (x) 209,367 shares of the Preferred Stock (representing approximately 50% of all issued and outstanding shares of Preferred Stock)[a]; (y) 184,274 shares of the Common A Stock (representing approximately 50% of all issued and outstanding shares of Common A Stock)[b]; or (z) 55,940 shares of the Common L Stock (representing approximately 50% of all issued and outstanding shares of Common L Stock)[c]; (ii) "**Beneficial Ownership**" of Equity Securities is determined under IRC Section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option to acquire; and (iii) an "**Option**" to acquire equity securities includes any contingent purchase, warrant, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

    a.    Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

    b.    Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

    c.    Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

19069666

| Number of Shares of Common A Stock | Date Acquired |
|---|---|
|  |  |
| Number of Shares of Common L Stock | Date Acquired |
|  |  |
| Number of Shares of Preferred Stock | Date Acquired |
|  |  |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of _____ are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Establishing Notification and Hearing Procedures for Transfers of or Claims of Worthless Stock Deductions with Respect to Certain Equity Securities and Granting Related Relief*, this Notice is being (a) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, and (b) served upon (i) counsel to the Debtors, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York 10018, Attn: Tracy Klestadt, (ii) counsel to the Debtors, Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036, Attn: Allan S. Brilliant, Shmuel Vasser, and Jeffrey T. Mispagel, (iii) counsel to the official committee of unsecured creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Kristopher M. Hansen, Frank A. Merola, and Matthew G. Garofalo, (iv) the administrative agent under the Debtors' credit facility, Royal Bank of Canada, 4th Floor, 20 King Street West, Toronto, Ontario M5H 1C4, Attn: Ann Hurley, Senior Manager, Agency Services Group, (v) counsel to the administrative agent under the Debtors' credit facility, Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, IL 60606, Attn: Richard A. Levy, (vi) the trustee for the Debtors' outstanding notes, U.S. Bank National Association, 214 N. Tryon Street, 27th Floor, Charlotte, NC 28202, Attn: Corporate Trust Department, (vii) counsel to the trustee for the Debtors' outstanding notes, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154, Attn: Walter H. Curchack and Vadim J. Rubinstein, and (viii) counsel to the majority of the holders of the Debtors' outstanding notes, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Michael Stamer and James Savin.

PLEASE TAKE FURTHER NOTICE that, pursuant to pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration, are true, correct, and complete.

Respectfully submitted,

Dated:                                                  (Name of Substantial Shareholder)

By: _____
Name:_____
Address: _____
_____
Telephone: _____
Facsimile: _____

3

**<u>Schedule E</u>**

**Declaration of Intent to Claim a Worthless Security Deduction**

19069666

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                                 :

In re:                               :     Chapter 11
                                 :

LEGEND PARENT, INC., *et al.*,     :     Case No. 14-10701 (REG)
                                 :

        Debtors.               :     Jointly Administered
                                 :
---------------------------------------------------------- X

## DECLARATION OF INTENT TO CLAIM A WORTHLESS SECURITY DEDUCTION

                PLEASE TAKE NOTICE that _____ hereby provides notice of its intention to claim a worthless security deduction (the "**Proposed Worthlessness Claim**") with respect to the common A stock (the "**Common A Stock**"), the Common L stock (the "**Common L Stock**") and/or the Series A preferred stock (the "**Preferred Stock**") in MModal Holdings, Inc. ("**Holdings**") or any beneficial interest therein to acquire such equity securities (collectively, the "**Equity Securities**").

                PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, 2014, _____ filed a Declaration of Status as a 50% Shareholder[1] with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") and served copies thereof as set forth therein or received notice that it is a partner or other owner of a person that is a 50% Shareholder.

---

[1]    For purposes of these procedures: (i) a "**50% Shareholder**" is any person or entity that, within such person's or entity's last three taxable years, (a) has Beneficial Ownership of at least 50%, by value, of the Equity Securities, or (b) has Beneficial Ownership of at least (x) 209,367 shares of the Preferred Stock (representing approximately 50% of all issued and outstanding shares of Preferred Stock)[a]; (y) 184,274 shares of the Common A Stock (representing approximately 50% of all issued and outstanding shares of Common A Stock)[b]; or (z) 55,940 shares of the Common L Stock (representing approximately 50% of all issued and outstanding shares of Common L Stock)[c]; (ii) "**Beneficial Ownership**" of Equity Securities is determined under IRC Section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option to acquire; and (iii) an "**Option**" to acquire equity securities includes any contingent purchase, warrant, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

     a.   Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

     b.   Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

     c.   Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

19069666

PLEASE TAKE FURTHER NOTICE that _____ currently has Beneficial Ownership of _____ shares of Common A Stock, _____ shares of Common L Stock, and/or _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Worthlessness Claim, _____ proposes to declare for federal/state tax purposes that _____ shares of Common A Stock, _____ shares of Common L Stock, and/or _____ shares of Preferred Stock owned by it (whether directly or indirectly through a partnership or other pass-through that is a 50% Shareholder) became worthless during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Establishing Notification and Hearing Procedures for Transfers of or Claims of Worthless Stock Deductions with Respect to Certain Equity Securities and Granting Related Relief*, this Notice is being (a) filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, and (b) served upon (i) counsel to the Debtors, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, New York 10018, Attn: Tracy Klestadt, (ii) counsel to the Debtors, Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036, Attn: Allan S. Brilliant, Shmuel Vasser, and Jeffrey T. Mispagel, (iii) counsel to the official committee of unsecured creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Kristopher M. Hansen, Frank A. Merola, and Matthew G. Garofalo, (iv) the administrative agent under the Debtors' credit facility, Royal Bank of Canada, 4th Floor, 20 King Street West, Toronto, Ontario M5H 1C4, Attn: Ann Hurley, Senior Manager, Agency Services Group, (v) counsel to the administrative agent under the Debtors' credit facility, Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, IL 60606, Attn: Richard A. Levy, (vi) the trustee for the Debtors' outstanding notes, U.S. Bank National Association, 214 N. Tryon Street, 27th Floor, Charlotte, NC 28202, Attn: Corporate Trust Department, (vii) counsel to the trustee for the Debtors' outstanding notes, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154, Attn: Walter H. Curchack and Vadim J. Rubinstein, and (viii) counsel to the majority of the holders of the Debtors' outstanding notes, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745, Attn: Michael Stamer and James Savin.

PLEASE TAKE FURTHER NOTICE that the Debtors have 21 calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless approved by a final order of the Court that is no longer subject to an appeal. If the Debtors do not object within such 21-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by _____that may result in_____ purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Equity Securities or an Option with respect thereto will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

2

PLEASE TAKE FURTHER NOTICE that, pursuant to pursuant to 28 U.S.C. § 1746, under penalties of perjury, _____ hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration, are true, correct, and complete.

Respectfully submitted,

Dated:

(Name of Substantial Shareholder)

By: _____
Name:_____
Address: _____

_____

Telephone: _____
Facsimile: _____

3

## **Schedule F**

## **Notice of Order**

19069666

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
                            :
In re:                          :     Chapter 11
                            :
LEGEND PARENT, INC., *et al.*,     :     Case No. 14-10701 (REG)
                            :
     Debtors.                 :     Jointly Administered
                            :
---------------------------------------------------------- X

### NOTICE OF ORDER ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR TRANSFERS OF OR CLAIMS OF WORTHLESS STOCK DEDUCTIONS WITH RESPECT TO CERTAIN EQUITY SECURITIES

           PLEASE TAKE NOTICE that on March 20, 2014, the above-captioned debtors and debtor in possession (collectively, the "**Debtors**"), each filed separate, voluntary petitions in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of the Debtors' estates.

           PLEASE TAKE FURTHER NOTICE that on March 20, 2014, the Debtors filed a motion seeking entry of an order pursuant to sections 105, 362 and 541 of the Bankruptcy Code establishing notification procedures and approving restrictions on certain transfers of, and claims of worthless stock deductions with respect to Equity Securities (defined below) (the "**Motion**").[1] These procedures will generally apply to any person or shareholder who owns, directly or indirectly, more than a certain percentage of Equity Securities.

           PLEASE TAKE FURTHER NOTICE that on [insert date], 2014, the Court entered an order approving the procedures set forth below in order to preserve the Debtors' net operating losses and tax credits pursuant to sections 105, 362, and 541 of the Bankruptcy Code (the "**Order**"). Any sale or transfer, or any declaration of worthless stock deductions of equity securities in the Debtors in violation of the procedures set forth below shall be null and void *ab initio* as an act violating the automatic stay provisions of the Bankruptcy Code.

           PLEASE TAKE FURTHER NOTICE that pursuant to the Order, the following procedures shall apply to holding and trading in common A stock (the "**Common A Stock**"), the Common L stock (the "**Common L Stock**") and/or the Series A preferred stock (the "**Preferred Stock**") in MModal Holdings, Inc. ("**Holdings**") or any beneficial interest therein to acquire such equity securities (collectively, the "**Equity Securities**"):

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

a.     Any person or entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve upon proposed counsel to the Debtors, a declaration of such status, substantially in the form of <u>Schedule A</u> attached to the Order, on or before the later of (i) 20 days after entry of the Order and (ii) 10 days after becoming a Substantial Shareholder.

e.     Prior to effectuating any transfer of Beneficial Ownership (as defined herein) of Equity Securities that would result in an increase in the amount of Equity Securities of which a Substantial Shareholder has Beneficial Ownership or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Equity Securities in the form of <u>Schedule B</u> attached to the Order (each, a "**Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Equity Securities**").  At the holder's election, the Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Equity Securities filed on the Court's docket may be redacted to exclude such holder's taxpayer identification number and the number of shares of Equities Securities that such holder beneficially owns and proposes to purchase or otherwise acquire.

f.     Prior to effectuating any transfer of Beneficial Ownership of Equity Securities that would result in a decrease in the amount of Equity Securities of which a Substantial Shareholder has Beneficial Ownership or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Equity Securities in the form of <u>Schedule C</u> attached to the Order (each, a "**Declaration of Intent to Sell, Trade, or Otherwise Transfer Equity Securities**" and with a Declaration of Intent to Purchase, Acquire, or Accumulate Equity Securities, each, a "**Declaration of Proposed Transfer**").  At the holder's election, the Declaration of Intent to Sell, Trade, or Otherwise Transfer Equity Securities filed on the Court's docket may be redacted to exclude such holder's taxpayer identification number and the number of shares of Equities Securities that such holder beneficially owns and proposes to sell or otherwise transfer.

g.     The Debtors shall have 21 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of

2

Equity Securities described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction would not be effective unless such objection is withdrawn by the Debtors or such transaction is approved by a final order of the Court that is no longer subject to an appeal. If the Debtors do not object within such 21-day period, such transaction could proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 21-day waiting period for each Declaration of Proposed Transfer.

h.      For purposes of these procedures: (i) a "**Substantial Shareholder**" is any person or entity that (a) has Beneficial Ownership of at least 4.5%, by value, of the Equity Securities or (b) has Beneficial Ownership of at least (x) 18,843 shares of Preferred Stock (representing approximately 4.5% of all issued and outstanding shares of Preferred Stock)[2], (y) 16,585 shares of Common A Stock (representing approximately 4.5% of all issued and outstanding shares of Common A Stock)[3]; or (z) 5,035 shares of Common L Stock (representing approximately 4.5% of all issued and outstanding shares of Common L Stock)[4]; (ii) "**Beneficial Ownership**" of Equity Securities is determined under IRC Section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option to acquire; and (iii) an "**Option**" to acquire equity securities includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

---

[2]    Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

[3]    Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

[4]    Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

PLEASE TAKE FURTHER NOTICE that the Debtors shall have right to challenge and seek to unwind any transfers of Equity Securities to which the Order otherwise would apply that were made prior to the entry of the Order.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, the following procedure shall apply to claims for tax purposes that the Equity Securities are worthless:

a.  Any person or entity that currently is or becomes a 50% Shareholder (as such term is defined herein) must file with the Court, and serve upon the Notice Parties, a notice of such status, in the form of Schedule D attached to the Order, on or before the later of (i) 20 days after the date of entry of the Order and (ii) 10 days after becoming a 50% Shareholder.

b.  (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Equity Securities, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Schedule E attached to the Order (a "**Declaration of Intent to Claim a Worthless Security Deduction**"), of the intended claim of worthlessness.

(ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Schedule E attached to the Order, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Equity Securities, for a tax year ending before the Debtors' emergence from chapter 11 protection.

c.  The Debtors will have 21 calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim would not be permitted unless approved by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 21-day period, the filing of the return or

4

distribution of K-1 or other information statement with such claim would be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction. Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 21-day waiting period.

d.      For purposes of these procedures: (i) a "**50% Shareholder**" is any person or entity that, within such person's or entity's last three taxable years, (a) has Beneficial Ownership of at least 50%, by value, of the Equity Securities, or (b) has Beneficial Ownership of at least (x) 209,367 shares of the Preferred Stock (representing approximately 50% of all issued and outstanding shares of Preferred Stock)[5]; (y) 184,274 shares of the Common A Stock (representing approximately 50% of all issued and outstanding shares of Common A Stock)[6]; or (z) 55,940 shares of the Common L Stock (representing approximately 50% of all issued and outstanding shares of Common L Stock)[7]; (ii) "**Beneficial Ownership**" of Equity Securities is determined under IRC Section 382 and related regulations and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of equity securities and ownership of equity securities that such holder has an Option to acquire; and (iii) an "**Option**" to acquire equity securities includes any contingent purchase, warrant, put, call, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that upon the request of any person or entity, the notice and claims agent for the Debtors, Prime Clerk LLC (the "**Notice and Claims Agent**"), will provide a form of each of the required declarations described above and a copy of the Order in a reasonable period of time. Such declarations are also available upon request of Debtors' counsel.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.**

---

[5]    Based on a total of 418,732.03381 shares of Preferred Stock issued and outstanding as of the Petition Date.

[6]    Based on a total of 368,547.51 shares of Common A Stock issued and outstanding as of the Petition Date.

[7]    Based on a total of 111,878.48700 shares of Common L Stock issued and outstanding as of the Petition Date.

**ANY PROHIBITED PURCHASE, SALE, TRADE, OR OTHER TRANSFER OF, OR ANY DECLARATION OF WORTHLESS STOCK DEDUCTION WITH RESPECT TO, EQUITY SECURITIES IN THE DEBTORS OR OPTION WITH RESPECT THERETO IN VIOLATION OF THE INTERIM ORDER SHALL BE NULL AND VOID AB INITIO AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated:   New York, New York
         April 1, 2014

DECHERT LLP

/s/ Shmuel Vasser
Allan S. Brilliant
Shmuel Vasser
Jeffrey T. Mispagel
1095 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599
Email:  allan.brilliant@dechert.com
        shmuel.vasser@dechert.com
        jeffrey.mispagel@dechert.com

*and*

KLESTADT & WINTERS, LLP

/s/ Tracy L. Klestadt
Tracy L. Klestadt
570 Seventh Avenue, 17th Floor
New York, New York  10018
Telephone:  (212) 972-3000
Facsimile:  (212) 972-2245
Email:  tklestadt@klestadt.com

*Proposed Counsel and Conflicts Counsel for the Debtors and Debtors in Possession*