**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X
                                                         :
In re:                                                   :    Chapter 11
                                                         :
Legend Parent, Inc., *et al.*,                           :    Case No. 14-10701 (RG)
                                                         :
        Debtors.                                         :    Jointly Administered
                                                         :
-------------------------------------------------------- X

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC**
**DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**Introduction**

Legend Parent, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**," and together with their non-debtor affiliates, the "**Company**"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**," and together with the Schedules the "**Schedules and Statements**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake

any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

Given, among other things, the uncertainty surrounding the valuation of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that such Debtor was solvent at the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

David Woodworth, Chief Financial Officer of MModal, Inc., has signed each of the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Woodworth necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Woodworth has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

### Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim (as defined in the Bankruptcy Code, "**Claim**"), description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," and/or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or Causes of Action (as hereinafter defined). Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements, except as required by law.

2

2. **Description of Cases and "As Of" Information Date**.  On March 20, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On March 21, 2014, the Bankruptcy Court entered the *Order Directing Joint Administration of Related Chapter 11 Cases* [Docket No. 25].  On March 27, 2014 the United States Trustee for Region 2 for the Southern District of New York appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 51].

The asset information provided herein represents the asset data of the Debtors as of March 19, 2014 and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of March 19, 2014.

3. **Recharacterization**.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

4. **Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date.  Additionally, because the book values of assets, including those such as patents, trademarks, and copyrights, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date.  Furthermore, values for assets that have been fully depreciated or were expensed for accounting purposes may not appear in these Schedules and Statements as they have no net book value.

5. **Assets.**  Certain of the Debtors assets are consolidated with non-Debtor affiliates.  The Debtors will file reports of financial information required under Bankruptcy Rule 2015.3 by June 1, 2014, pursuant to the *Order Extending the Time to File Schedules and Statements and Reports of Financial Information* [Docket No. 36].

6. **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

7. **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries and employee benefit accruals.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist or are anticipated to or may accrue at some time in the future.  In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding prepetition Claims postpetition.  Accordingly, these liabilities have been or will be satisfied and are not listed in the Schedules and Statements.  Notwithstanding best efforts, certain claims paid pursuant to a Bankruptcy Court order may inadvertently be listed in the Schedules and Statements, and the Debtors may pay some of the claims listed on the Schedules and Statements in the ordinary course of business during these cases pursuant to such Bankruptcy Court orders.  Certain of the Bankruptcy Court orders preserve the rights of parties in interest to dispute any amounts paid pursuant to Bankruptcy Court orders.  Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to a Bankruptcy Court order that preserves such right to contest.

8. **Insiders**.  For purposes of the Schedules and Statements, the Debtors used the definition of "insiders" contained in section 101(31) of the Bankruptcy Code, which includes: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) affiliates; and (e) relatives of the Debtors' directors, officers or persons in control of the Debtors.  The Debtors define "directors" as members of the board of directors of the Debtors.  The Debtors define "officers" as individuals appointed by the board with the title of "President", "Chief Financial Officer", "Chief Operational Officer", "Chief Executive Officer" and "General Counsel".

The application of the definition, however, requires certain judgments to be made.  Thus, persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.  The Debtors do not concede that the identification of any person as an insider in the Schedules and Statements constitutes an admission that any such person is an insider under section 101 of the Bankruptcy Code.

9. **Intellectual Property Rights**.  Exclusion or omission of certain intellectual property shall not be construed as an admission that such intellectual property rights do not exist, have been

abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Furthermore, the Debtors have made diligent efforts to discern whether any Debtor owns intellectual property outright or whether all or a portion of any intellectual property is licensed from a third party. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

10. **Executory Contracts**. Although the Debtors made diligent attempts to identify contracts and leases as executory and unexpired within the scope of section 365 of the Bankruptcy Code and to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, as well as the named parties to any and all executory contracts and unexpired leases, including the right to amend Schedule G.

11. **Classifications**. Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract or lease or to setoff of such Claims.

12. **Claims Description**. Schedules D, E, and F permit each of the Debtors to designate a Claim as contingent ("**C**"), unliquidated ("**U**") and/or disputed ("**D**"). Claim amounts that could not be fairly quantified by the Debtors are scheduled as "Undetermined", and with a C, U and/or D notation, as is deemed appropriate given the individual circumstances. Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," and/or "unliquidated" does not constitute an admission by that Debtor that liability for and amount of such Claim is not "disputed," "contingent," and/or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability, amount or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" and/or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors. Finally, listing a Claim that has been or may be paid postpetition does not negate the effect of the payment of such Claim, or entitle the holder of any such Claim to double payment on account of such Claim.

13. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other

relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action, nor may the Schedules and Statements be used in any litigation in these or related to these chapter 11 cases.

14. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "Undetermined". To the extent that there are unknown or undetermined amounts, the actual total may be materially different from the listed total. Accordingly, the Schedules and Statements may not accurately reflect the aggregate amount of the Debtors' assets and liabilities.

15. **Liens**. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17. **Setoffs**. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, debit memos, contract allowances, credits, and other disputes between the Debtors and their suppliers or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

18. **Employee Addresses**. Employee addresses have been removed from entries listed on Schedules E, F and G and the Statements, where applicable.

19. **Global Notes Control**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedules B1 and B2**. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders Approving (I) the Debtors Continued Use of Their Cash Management System, (II) the Continuation of the*

*Intercompany Transactions, (III) Administrative Expense Status for Postpetition Intercompany Claims, and (IV) the Debtors Continued Use of Existing Bank Accounts, Checks, and Business Forms* filed on March 20, 2014 [Docket No. 10] (the "**Cash Management Motion**").

**Schedule B3**.  The Bankruptcy Court, pursuant to the *Order (I) Determining that Utility Companies Have Been Provided with Adequate Assurance of Payment, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices, (III) Approving Adequate Assurance Procedures, (IV) Establishing Procedures for Utility Companies to Seek to Opt Out of Adequate Assurance Procedures, and (V) Determining that Debtors Are Not Required to Provide Any Additional Adequate Assurance* entered on April 9, 2014  [Docket No. 77], has authorized the Debtors to provide adequate assurance of payment for future utility services, including certain deposits. Such deposits are not listed on Schedule B3, which was prepared as of the Petition Date.

**Schedule B9**.  Additional information regarding the insurance policies listed on Schedule B9 is available in the *Debtors' Motion for Interim and Final Orders Authorizing the Debtors to (I) Maintain, Continue, and Renew Their Property, Casualty, Liability and Other Insurance Policies And Agreements, and (II) Honor All Obligations in Respect Thereof* filed on March 20, 2014 [Docket No. 13].

**Schedules B13 and B14**.  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedules B13 and B14 in an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from net book value.

**Schedule B16.**  Net accounts receivables represents applicable receivables net of contractual allowances and bad debt.

**Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter claims, cross-claims, setoffs, refunds with their customers and suppliers or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims or cross-claims as a plaintiff or counter claims as a defendant.  Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedule B23**.  For purposes of Schedule B23, the Debtors have not included license agreements with customers, as they are duplicative of executory contracts reported on Schedule G.

**Schedules B28 and B29**.  For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedule B28 or B29.

**Schedule D – Secured Creditors**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each

Claim.  All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided in Schedule D are solely intended to be a summary - and not an admission - of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  To the extent that the secured debt is jointly and severally the responsibility of all Debtors, the full amount of the liability has been listed on each Debtor's Schedules and Statements.   Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, or inchoate statutory lien rights.  Although there may be multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agent or the indenture trustees have been listed for purposes of Schedule D.  The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E – Priority Creditors**.  The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on April 15, 2014, the Bankruptcy Court entered the *Final Order Authorizing (I) the Payment Of Prepetition Wages and Salaries, (II) the Payment and Honoring of Prepetition Employee Policies and Benefits, and (III) the Continuation of Workers Compensation Insurance Programs* [Docket No. 91], authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and similar benefits.  To the extent such claims have been paid or may be paid pursuant to further Bankruptcy Court orders, they may not be included on Schedule E.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve their right to dispute the priority status of any claim on any basis.

**Schedule F – Unsecured Non-Priority Claims**.  The Debtors have used best efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same.  Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

The Claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  Determining the date upon which each Claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F.  Furthermore, claims listed on Schedule F have been aggregated by creditor and may include several dates of incurrence for the aggregate balance listed.

Schedule F contains information regarding pending litigation involving the Debtors.  The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.  Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes.  Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

Schedule F reflects prepetition amounts owing to parties in connection with business acquisitions.  These amounts are identified as deferred acquisition payment claims, and are contingent and unliquidated.

**Schedule G – Executory Contracts and Unexpired Leases**.  Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred.  Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in

effect on the Petition Date or is valid or enforceable.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G notwithstanding that any such agreement may be executory.  The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall be deemed to include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein.  In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such counterparty.

The Debtors reserve all of their rights, claims, and Causes of Action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents may not be set forth on Schedule G.  Certain of the executory agreements may not have been memorialized and could be subject to dispute, including the defense of the statute of frauds.  Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity or enforceability of any such contract or that such contract is an executory contract or

unexpired lease.  The Debtors reserve all of their rights to dispute the effectiveness of any contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H - Codebtors**.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facilities are listed as Co-Debtors on Schedule H.   The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

Although there may be multiple lenders under the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties.  Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H.  Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

**Specific Disclosures with Respect to the Debtors' Statements**

**Statement 1 & 2 - Income**. Due to system limitations of the Debtors, a response for 2012 has been omitted from these questions.  Additional information may be available upon request.

**Statement 3b – Payments to Creditors**.  Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders (which payments appear in response to Statement question 3c), employees, and bankruptcy professionals.   The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtors' cash management system.  Additionally, all disbursement information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 3c – Payments to Insiders**.  Statement 3c accounts for a respective Debtor's transfers to insiders, as applicable.    With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement and/or severance.  As described in the Cash Management Motion, in the ordinary course of business certain of the Debtors and their non-Debtor affiliates maintain business relationships with each other, resulting in intercompany receivables and payables which, from time to time, result in cash transfers between applicable entities (the "**Intercompany Payments**").   Intercompany Payments have been omitted for purposes of responding to this question.  The intercompany receivables and payables as of the Petition Date can be found on Schedule B and Schedule F, respectively.

**Statement 4a – Suits and Administrative Proceedings**.  Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by

11

an administrative, judicial, or other adjudicative forum.  In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have attempted to identify all such matters on Schedule F for the applicable Debtor.  Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.  In order to protect parties' HIPAA rights and to avoid any potential inadvertent disclosure, in matters where there is an actual or potential risk of disclosure of information in a manner that would violate applicable HIPAA laws, the Debtors have not included such information in their Statements and Schedules and indicate, in such instances, that such information, to the extent available, is on file with the Debtors

**Statement 19a-c – Books and Records.**  The Debtors have listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or that have supervised the keeping of the Debtors' books and records.  Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and record including individuals listed in response to Statement questions 21 and 22.

**Statement 19d – Financial Statements**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**Statement 20 - Inventories**.  The Debtors have listed inventory at lower of cost or market for purposes of responding to Statement 20.

**Statement 23 – Distributions to Insiders**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### District Of

In re   Legend Parent, Inc. _____,                    Case No. 14-10701 (REG)_____
                                    Debtor

                                                                        Chapter 11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | 1 | $              0.00 | | |
| B - Personal Property | | 5 | $              0.00 + undetermined amounts | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | 2 | | $              0.00 + undetermined amounts | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | 3 | | $              0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | 4 | | $              0.00 + undetermined amounts | |
| G - Executory Contracts and Unexpired Leases | | 1 | | | |
| H - Codebtors | | 3 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $       N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $       N/A |
| TOTAL | | 19 | $              0.00 + undetermined amounts | $              0.00 + undetermined amounts | |

B6A (Official Form 6A) (12/07)

In re   Legend Parent, Inc.                                  ,                    Case No.   14-10701 (REG)
_____                                        _____
                    **Debtor**                                                                (If known)

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re  Legend Parent, Inc._____,          Case No.  14-10701 (REG)_____
                    **Debtor**                                           **(If known)**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached rider | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re  **Legend Parent, Inc.**                                    ,                    Case No. **14-10701 (REG)**
                            **Debtor**                                                                        **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

**B6B (Official Form 6B) (12/07) – Cont.**

In re  Legend Parent, Inc.                                    ,                    Case No. 14-10701 (REG)
                    **Debtor**                                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re  Legend Parent, Inc.                              ,          Case No. 14-10701 (REG)
                    **Debtor**                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

                            3      continuation sheets attached      Total ►    $ 0.00
                                                                                + undetermined amounts
                            (Include amounts from any continuation
                            sheets attached. Report total also on
                            Summary of Schedules.)

In re: Legend Parent, Inc.                                                    Case No. 14-10701 (REG)

### SCHEDULE B PERSONAL PROPERTY
### Rider B.9 - Interests In Insurance Policies

| Insurance Company | Type of Policy | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| The Hartford | Property | 22UUNZW7747 | Undetermined |
| The Hartford | General Liability | 22UUNZW7747 | Undetermined |
| The Hartford | Business Auto | 22UUNZW7747 | Undetermined |
| The Hartford | Umbrella | 22RHUZW7367 | Undetermined |
| Navigators Insurance Company | Excess Umbrella | GA13EXR793434IV | Undetermined |
| National Union Fire Insurance Company of Pittsburgh (AIG) | Employment Practices Liability / Fiduciary Liability / Crime | 014208142 | Undetermined |
| National Union Fire Insurance Company of Pittsburgh (AIG) | Errors and Omissions Liability | 014233552 | Undetermined |
| Endurance Risk Solutions Assurance Co. | Excess Errors and Omissions | PEL10004225700 | Undetermined |
| National Union Fire Insurance Company of Pittsburgh (AIG) | Employed Lawyers Professional Liability | 012829660 | Undetermined |
| National Union Fire Insurance Company of Pittsburgh (AIG) | Kidnap & Ransom | 49158813 | Undetermined |
| AIG | Directors & Officers - Primary | 01-354-60-00 | Undetermined |
| Chubb | Excess Directos & Officers | 8225-7747 | Undetermined |
| AIG | Directors & Officers Fronting (Philippines) | 01-354-60-00 | Undetermined |
| AIG | Directors & Officers Fronting (Canada) | 01-354-60-00 | Undetermined |

TOTAL    Undetermined

B6D (Official Form 6D) (12/07)

In re __Legend Parent, Inc._____,    Case No. __14-10701 (REG)_____
        **Debtor**                                                                **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>20 KING STREET WEST<br>4TH FLOOR<br>TORONTO, ON M5H 1C4 CANADA | | | UCC Financing Statement # 23210681<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA | X | | Guarantor - Credit Agreement dated August 17, 2012 - $74,931,874.38 Principal and Accrued Interest<br><br>VALUE $ Undetermined | | X | | Undetermined | Undetermined |

__1__ continuation sheets attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

| | |
|---|---|
| $ 0.00 | $0.00 |
| $ | $ |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07) – Cont.

In re  **Legend Parent, Inc.**_____,        Case No.  **14-10701 (REG)**_____
                        **Debtor**                                                                    **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ATTENTION: CORPORATE TRUST DEPARTMENT 214 N. TRYON STREET 27TH FLOOR CHARLOTTE, NC 28202 | X | | Guarantor - Term Loan - $431,906,658.33 Principal and Accrued Interest<br><br>VALUE $ Undetermined | | X | | Undetermined | Undetermined |
| ACCOUNT NO.<br><br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | <br><br>VALUE $ | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)►
(Total(s) of this page)

| $ 0.00 | $0.00 |
|---|---|

Total(s) ►
(Use only on last page)

| $ 0.00<br>+ undetermined amounts | $0.00<br>+ undetermined amounts |
|---|---|
| (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (04/13)

In re   **Legend Parent, Inc.**                                    ,                    Case No. **14-10701 (REG)**
_____
                         **Debtor**                                                                        **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐    **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐    **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐    **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/13) – Cont.**

In re  **Legend Parent, Inc.**_____,          Case No. **14-10701 (REG)**_____

                    **Debtor**                                                          **(if known)**

☐    **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**

    **_1_  continuation sheets attached**

B6E (Official Form 6E) (04/10) – Cont.

In re  Legend Parent, Inc.                    ,          Case No.  14-10701 (REG)
              Debtor                                                (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.   . | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet no.  1  of  1  continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals ▶
(Totals of this page)

| $ 0.00 | $ 0.00 | $ 0.00 |

Total ▶
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

| $ 0.00 | | |

Totals ▶
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

| | $ 0.00 | $ 0.00 |

B6F (Official Form 6F) (12/07)

In re   **Legend Parent, Inc.**                    ,          Case No. **14-10701 (REG)**
　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>All Type Medical Transcription Services, Inc.<br>5000 Meridian Boulevard<br>Suite 200<br>Franklin, TN 37067 | X | | Codebtor Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>MedQuist CM LLC<br>5000 Meridian Boulevard<br>Suite 200<br>Franklin, TN 37067 | X | | Codebtor Claim | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>MedQuist of Delaware, Inc.<br>5000 Meridian Boulevard<br>Suite 200<br>Franklin, TN 37067 | X | | Codebtor Claim | X | X | X | Undetermined |

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Subtotal ▶ | $ 0.00

_3_ continuation sheets attached

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Legend Parent, Inc.**                                    ,          Case No.   **14-10701 (REG)**
                      Debtor                                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Codebtor Claim | | | | Undetermined |
| Mirrus Systems, Inc. 2661 Riva Road Bldg #800 Annapolis, MD 21401 | X | | | X | X | X | |
| ACCOUNT NO. | | | Codebtor Claim | | | | Undetermined |
| MModal CB Inc. 2661 Riva Road Bldg #800 Annapolis, MD 21401 | X | | | X | X | X | |
| ACCOUNT NO. | | | Codebtor Claim | | | | Undetermined |
| MModal Inc. 5000 Meridian Boulevard Suite 200 Franklin, TN 37067 | X | | | X | X | X | |
| ACCOUNT NO. | | | Codebtor Claim | | | | Undetermined |
| MModal IP LLC 5000 Meridian Boulevard Suite 200 Franklin, TN 37067 | X | | | X | X | X | |
| ACCOUNT NO. | | | Codebtor Claim | | | | Undetermined |
| MModal MQ Inc. 5000 Meridian Boulevard Suite 200 Franklin, TN 37067 | X | | | X | X | X | |

Sheet no. _1_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $ 0.00

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Legend Parent, Inc.** _____ ,          Case No. __14-10701 (REG)_____
　　　　　　　　**Debtor**                                             **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Codebtor Claim | | | | Undetermined |
| MModal Services, Ltd. 5000 Meridian Boulevard Suite 200 Franklin, TN 37067 | X | | | X | X | X | |
| ACCOUNT NO. | | | Codebtor Claim | | | | Undetermined |
| MModal Systems & Services Inc. 2661 Riva Road Bldg #800 Annapolis, MD 21401 | X | | | X | X | X | |
| ACCOUNT NO. | | | Codebtor Claim | | | | Undetermined |
| Multimodal Technologies, LLC 1710 Murray Avenue Suite 2 Pittsburgh, PA 15217 | X | | | X | X | X | |
| ACCOUNT NO. | | | Codebtor Claim | | | | Undetermined |
| Poiesis Informatics, Inc. 1710 Murray Avenue Suite 2 Pittsburgh, PA 15217 | X | | | X | X | X | |

Sheet no. _2_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶　$ 0.00

Total ▶　$
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Legend Parent, Inc.**                                    ,           Case No.  **14-10701 (REG)**
                          **Debtor**                                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ATTENTION: CORPORATE TRUST DEPARTMENT 214 N. TRYON STREET 27TH FLOOR CHARLOTTE, NC 28202 | X | | Guarantor - 10.75% Senior Notes due 2020 - $265,975,694 Principal and Accrued Interest | | X | | Undetermined |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. _3_of_3_continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 0.00

Total ▶   $ 0.00
(Use only on last page of the completed Schedule F.)   + undetermined amounts
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

**B6G (Official Form 6G) (12/07)**

In re   Legend Parent, Inc.                                          ,        Case No.   14-10701 (REG)
                 **Debtor**                                                                                      **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

[x]  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**B6H (Official Form 6H) (12/07)**

In re   Legend Parent, Inc.                                  ,          Case No.   14-10701 (REG)
                        **Debtor**                                                                  **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See attached rider | |

**In re: Legend Parent, Inc.**                                          **Case No.  14-10701 (REG)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| MMODAL INC.<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| MMODAL CB INC.<br>2661 RIVA ROAD<br>BLDG #800<br>ANNAPOLIS, MD 21401 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| MULTIMODAL TECHNOLOGIES, LLC<br>1710 MURRAY AVENUE<br>SUITE 2<br>PITTSBURGH, PA 15217 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| POIESIS INFORMATICS, INC.<br>1710 MURRAY AVENUE<br>SUITE 2<br>PITTSBURGH, PA 15217 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| MMODAL MQ INC.<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| MMODAL SYSTEMS & SERVICES INC.<br>2661 RIVA ROAD<br>BLDG #800<br>ANNAPOLIS, MD 21401 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| MIRRUS SYSTEMS, INC.<br>2661 RIVA ROAD<br>BLDG #800<br>ANNAPOLIS, MD 21401 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| MEDQUIST OF DELAWARE, INC.<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| MMODAL IP LLC<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| MMODAL SERVICES, LTD.<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| MEDQUIST CM LLC<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY<br>SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |

In re: Legend Parent, Inc.                                        Case No.  14-10701 (REG)

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| ALL TYPE MEDICAL TRANSCRIPTION SERVICES, INC.<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | ROYAL BANK OF CANADA, AS ADMINISTRATIVE AGENT<br>ATTENTION: ANN HURLEY, SENIOR MANAGER, AGENCY SERVICES GROUP<br>4TH FLOOR, 20 KING STREET WEST<br>TORONTO, ON M5H 1C4 CANADA |
| MMODAL INC.<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| MMODAL CB INC.<br>2661 RIVA ROAD<br>BLDG #800<br>ANNAPOLIS, MD 21401 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| MULTIMODAL TECHNOLOGIES, LLC<br>1710 MURRAY AVENUE<br>SUITE 2<br>PITTSBURGH, PA 15217 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| POIESIS INFORMATICS, INC.<br>1710 MURRAY AVENUE<br>SUITE 2<br>PITTSBURGH, PA 15217 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| MMODAL MQ INC.<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| MMODAL SYSTEMS & SERVICES INC.<br>2661 RIVA ROAD<br>BLDG #800<br>ANNAPOLIS, MD 21401 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| MIRRUS SYSTEMS, INC.<br>2661 RIVA ROAD<br>BLDG #800<br>ANNAPOLIS, MD 21401 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| MEDQUIST OF DELAWARE, INC.<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| MMODAL IP LLC<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| MMODAL SERVICES, LTD.<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| MEDQUIST CM LLC<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |
| ALL TYPE MEDICAL TRANSCRIPTION SERVICES, INC.<br>5000 MERIDIAN BOULEVARD<br>SUITE 200<br>FRANKLIN, TN 37067 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE<br>ATTENTION: CORPORATE TRUST DEPARTMENT<br>214 N. TRYON STREET, 27TH FLOOR<br>CHARLOTTE, NC 28202 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In Re : Legend Parent, Inc.                                      Case No. 14-10701 (REG)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____        Signature: _____
                                                                              Debtor

Date _____        Signature: _____
                                                                    (Joint Debtor, if any)

[If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                  Social Security No.
of Bankruptcy Petition Preparer                              (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____        _____
Signature of Bankruptcy Petition Preparer                  Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the <u>Chief Financial Officer</u> [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the <u>Corporation</u> [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date____4/28/2014_____        Signature _____

                                                          David Woodworth CFO of MModal Inc.
                                                          [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*