UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                                 :
In re:                                             :     Chapter 11
                                                 :
LEGEND PARENT, INC., *et al.*,          :     Case No. 14-10701 (RG)
                                                 :
      Debtors.                              :     Jointly Administered
                                                 :
------------------------------------------------------------ x

**ORDER APPROVING THE DEBTORS' APPLICATION
AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALVAREZ & MARSAL
NORTH AMERICA, LLC AS RESTRUCTURING ADVISOR FOR THE DEBTORS
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "**Application**")[1] of the Debtors for entry of an order pursuant to Bankruptcy Code section 327(a) authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC as restructuring advisors, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter attached to the Application as Exhibit B; and upon the Declaration of David J. Coles in support of the Application attached to the Application as Exhibit A and the First Day Declaration; and upon the Supplemental Declaration of David J. Coles in support of the Application, filed on May 20, 2014; and due and adequate notice of the Application having been given; and the Court being satisfied that A&M is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Application, as modified herein, is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

ORDERED that, the Application is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M solely as restructuring advisors to the Debtors, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter, subject to the terms of this Order; and it is further

ORDERED that, A&M shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013, and the fee guidelines issued by the Executive Office of United States Trustees, at 28 C.F.R., pt. 58, App. A ("**UST Guidelines A**" and together with the Court's fee guidelines, the "**Guidelines**"), and any monthly compensation orders entered by the Court; and it is further

ORDERED that, prior to any increases in A&M's rates for any individual retained by A&M and providing services in these cases, A&M shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard

2

provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

ORDERED that, A&M will not charge the estate(s) for time spent preparing, reviewing, editing or revising the invoices or time records submitted in support of any monthly fee statements or fee applications; and it is further

ORDERED that, A&M will not charge the estate(s) for time spent on clerical or administrative services; and it is further

ORDERED that, A&M will not seek to use independent contractors or subcontractors to perform services under the Engagement Letter without separate Court approval; and it is further

ORDERED that, A&M may utilize the personnel of its affiliates (as indicated in the Application) which affiliates are owned and controlled by A&M's parent company (with minority interests by certain employees) and share the name "Alvarez & Marsal"; and it is further

ORDERED that, A&M is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested; and it is further

ORDERED that, notwithstanding anything to the contrary in the Engagement Letter, the indemnification provisions are hereby modified as follows:

    a) All requests of A&M for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to

3

      the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, *provided*, *however*, that in no event shall A&M be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct;

    b) In the event that A&M seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by A&M for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in A&M's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code;

    c) A&M shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of A&M's counsel other than those incurred in connection with a request of A&M for payment of indemnity or reimbursement under the Engagement Letter and subject to the procedures set forth herein;

    d) In no event shall A&M be indemnified if the Debtor(s) or representatives of the estates assert a claim for, and a court determines by final order that such claim arose out of, A&M's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct;

and it is further

    ORDERED that, no agreement or understanding shall exist between A&M and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this/these case(s), nor shall A&M share or agree to share compensation received for services rendered in connection with this/these case(s) with any other person other than as permitted by Section 504 of the Bankruptcy Code; and it is further

4

ORDERED that, the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

ORDERED that, notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral and/or approving debtor in possession financing; and it is further

ORDERED that, this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that, to the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern; and it is further

ORDERED that, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.



Dated: May 27, 2014
      New York, New York

/s/ Robert E. Grossman
Robert E. Grossman
United States Bankruptcy Judge